

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN 11, TEXAS

GERALD C. MANN
XXXWILLXXWILSON
ATTORNEY GENERAL

January 27, 1939

Hon. Charley Lockhart
State Treasurer
Capitol Building
Austin, Texas'.

Dear Mr. Lockhart:

> Opinion No. 152
> Re: Water Improvement District Bonds as collateral
> for State funds in State Depository

You request an opinion as to whether Wichita County Water Improvement District No. 1 Refunding Bonds, Series 1938, are eligible under the provisions of Article 2529, as amended, as collateral for the deposit of State funds.

Article 2529 is enacted as a limitation upon the authority of the Treasurer in the accepting of certain kinds of securities as a pledge to secure the deposit of State funds by State depositories. The act, therefore, should be strictly construed to give effect to that purpose, and no security which does not clearly fall within the express terms of the act should be accepted. The only provision of the act under which the bonds of water improvement districts might fall is that which provides for the pledging of "bonds issued by municipal corporations in Texas." If becomes necessary, therefore, to determine whether the water improvement district involved is a "municipal corporation," within the meaning and intent of the act. In determining this question, it is first necessary to determine in what sense the term "municipal corporation" was intended by the Legislature in the particular context.

A "municipal" corporation in the broad sense of the term includes every corporation which pertains to the internal government of the State or Nation, and if the term is used in that broad sense, it would include subdivisions of the State as counties, road districts, school districts, navigation districts, and water improvement districts. However, in the primary sense of the term a "municipal" corporation pertains only to incorporated cities, towns or villages; and in this sense a corporation is not municipal unless it is organized for the government of a single city, town, village or other compact community of persons. 19 Ruling Case Law, p. 691. Whether Article 2529 uses the term in its broad or in its primary signification must be determined by the context of the act and the purposes intended to be effected thereby by the Legislature. 19 Ruling Case Law p. 692.

Bearing in mind the purpose of the act involved herein, and having due regard to its history and the context of the act, it is clear that the term "municipal corporations"is used in the act in its primary signification, and does not include such corporations as might otherwise ordinarily be construed as municipal corporations in the broad sense of the term.  This is made clear by the action of the Legislature in detailing specifically in the act such public corporations as counties, road districts, independent and common school districts.  If the term municipal corporation had been intended in its broad signification, there would have been no necessity for the specific mention of these particular corporations for they would have been included, of necessity, in the term "municipal corporations".

The intent of the Legislature is further made clear by noting that the original act. prior to its amendment, contains specific provision for the acceptance of bonds of navigation districts, the authority for the creation of which by the Legislature appears in the same constitutional provision which authorizes the creation of water improvement districts. The amendment eliminated such provision, thereby clearly evidencing the intention of the Legislature that bonds of navigation districts should no longer be accepted by the Treasurer, yet if the term "municipal corporation" be given its broad signification, such bonds would still be eligible for acceptance.

We, therefore, conclude that the words "bonds of municipal corporations in Texas" are used in Article 2529 in their primary signification, as indicated · hereinabove, and that, therefore, bonds of water improvement districts in Texas are not authorized to be pledged as collateral for the deposit of State funds.

Yours very truly

ATTORNEY GENERAL OF TEXAS

s/ R. W. Fairchild

R. W. Fairchild
Assistant

RWF:bt/ ldw

APPROVED:
s/ GERALD C. MANN
ATTORNEY GENERAL OF TEXAS